OPINION
{¶ 1} Appellant Shaunna Duma [hereinafter appellant] appeals from the September 18, 2003, Judgment Entry of the Stark County Court of Common Pleas, Juvenile Division, which granted permanent custody of appellant's four children to appellee Stark County Department of Jobs and Family Services [hereinafter SCDJFS].
 STATEMENT OF THE FACTS AND CASE {¶ 2} On July 23, 2002, SCDJFS filed a complaint alleging neglect and dependency and seeking temporary custody of appellant's four children: Daisey McCune (dob 2/2/96), Richard Warnken (dob 5/15/98), Christa Jo Warnken (dob 5/10/99) and Nathaniel Warnken (dob 6/6/01).[1] Appellant's children were placed in the emergency temporary custody of SCDJFS pursuant to an ex parte order signed by the trial court on that same day, July 23, 2002.
 {¶ 3} An emergency shelter care hearing was held on July 24, 2002. The trial court found probable cause for the removal of the children and ordered that the children remain in the emergency temporary custody of SCDJFS. A pretrial hearing was held on August 22, 2002. On October 10, 2002, after stipulations of dependency from the parties, the trial court found the children to be dependent. The trial court proceeded to disposition and granted temporary custody of the children to SCDJFS. The trial court also approved and adopted a case plan.
 {¶ 4} On January 22, 2003, the trial court conducted a six month review hearing and found that it was in the best interest of the children to remain in the temporary custody of SCDJFS. On June 17, 2003, the trial court conducted an annual review hearing and again found it to be in the best interest of the children to remain in the temporary custody of SCDJFS.
 {¶ 5} On June 18, 2003, SCDJFS filed a motion for permanent custody of the children. Hearings on that motion were conducted on August 11, 2003 and August 28, 2003. On September 18, 2003, the trial court issued a Judgment Entry which granted SCDJFS' motion for permanent custody, thereby granting SCJDFS permanent custody of all four of appellant's children.
 {¶ 6} It is from the September 18, 2003, Judgment Entry that appellant appeals, raising the following assignments of error:
 {¶ 7} "I. The trial court erred in finding that it is in the minor children's best interest that they be placed in the permanent custody of SCDJFS as SCDJFS failed to meet its burden of proof requiring clear and convincing evidence.
 {¶ 8} "II. The trial court erred in granting a motion for permanent custody thereby terminating the parental rights of appellant Duma as the trial court's findings are against the manifest weight of the evidence which could only lead to one conclusion that being contrary to the judgment of the trial court."
 {¶ 9} We find that we do not reach the merits of appellant's assignments of error. In its September 18, 2003, Judgment Entry awarding permanent custody to SCDJFS, the trial court stated that it incorporated "[t]he Findings of Fact and Conclusions of law that were filed at the same time as this entry. . . ." However, there were no Findings of Fact or Conclusions of Law filed at the time the Entry was filed.
 {¶ 10} At the time the trial court issued its September 18, 2003 Judgment Entry, the SCDJFS had filed Proposed Findings of Fact and Conclusions of Law on the day before, September 17, 2003. However, the Entry of the trial court did not indicate that the trial court was adopting the SCDJFS' Proposed Findings and Conclusions nor, obviously, were the SCDJFS' Proposed Findings and Conclusions filed at the same time as the trial court's Entry was filed. Therefore, we cannot determine whether or not the trial court meant to adopt the Proposed Findings and Conclusions of SCDJFS.
 {¶ 11} Appellant filed Proposed Findings and Conclusions too but they were filed the day after the trial court issued its Entry. Therefore, the trial court could not have been referring to appellant's Proposed Findings of Fact and Conclusions of Law.
 {¶ 12} Thus, it appears the trial court intended to file Findings of Fact and Conclusions of Law but failed to do so. The trial court's failure to file those Findings and Conclusions prevents this court from reviewing those Findings and Conclusions.
 {¶ 13} Accordingly, we vacate the trial court's September 18, 2003, Judgment Entry and remand this matter. The trial court is hereby instructed to issue a new Judgment Entry concerning its decision in regard to permanent custody. Further, the trial court is to be clear and concise as to which Findings of Fact and Conclusions of Law are incorporated into that Judgment Entry and is to ensure that those Findings and Conclusions are filed with the Clerk of Courts.
 {¶ 14} The September 18, 2003 judgment of the Stark County Court of Common Pleas, Juvenile Division, is vacated and the matter is remanded for further proceedings.
Edwards, J., Hoffman, P.J. and Boggins, J., concur.
[1] An amended complaint was filed July 29, 2002.